Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, NV 89512
(775) 786-5477
Fax (775) 786-9658
mark@markmausertlaw.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PAULINE SANTA CRUZ | Case No.: |
| Plaintiff, | |
| vs. | |
| FEDERAL EXPRESS CORPORATION & | **COMPLAINT AND JURY DEMAND** |
| FEDEX GROUND PACKAGE SYSTEM, INC., | |
| Defendants. | |
| _____/ | |

COMES NOW plaintiff, through counsel, who hereby complain of defendants Federal Express Corporation and Fedex Ground Package System, Inc. (hereinafter "Federal Express") as follows:

<u>Parties, Venue, Jurisdiction and Jury Demand</u>

1. Plaintiff, is a residents of northern Nevada and, at all times mentioned herein, was employed by defendant in northern Nevada, i.e., in Washoe County.   All, or almost all, acts, statements and omissions alleged herein occurred in northern Nevada.  Plaintiff hereby requests a jury trial relative to all issues so triable.  Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission, i.e., plaintiff exhausted administrative remedies in accord with federal law.  This Complaint and Jury Demand is timely filed in accordance with the Notice of Right to Sue as the Notice of Right to Sue was issued on March 10, 2021 and is attached hereto and incorporated herein.

2. Defendant Federal Express is a corporation, limited liability company, partnership,

or some other entity which employed plaintiff.   At all relevant times Federal Express employed in excess of 15 persons on a full-time basis, at least twenty weeks per year.  Defendant employed plaintiff within Washoe County, i.e., in northern Nevada.

3. This Court has venue over this action because all, or almost all, acts, statements and omissions alleged herein occurred in northern Nevada; defendant does substantial business in northern Nevada, e.g., it maintains a place of business in Washoe County at which plaintiff was employed; and plaintiff resides in northern Nevada.  This Court has venue pursuant to 42 U.S.C. 2000e-5(f)(3).

4. This Court has jurisdiction over this matter as plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as well as the Age Discrimination in Employment Act (ADEA).   Subject matter jurisdiction is invoked under  28 U.S.C. 1343.  Jurisdiction exists because plaintiff  is a woman who was harassed based upon her age and sexually harassed "because of sex", as defined by Title 42 U.S.C. 2000e, et seq.  That is, plaintiff was subject to age and/or sexual harassment to the degree where at her work environment became actionable per Title 42 and the ADEA because it was permeated with sexual hostility and/or ageist hostility to the point at which the terms and conditions of her employment were adversely altered.

5. When plaintiff opposed both age-based harassment and/or discrimination, as well as sexual hostility, she was subject to retaliatory hostility as well as a discrete act of discrimination and/or retaliation.  That is, on or about September 21, 2017, plaintiff was discharged from defendant's employ.

First Cause of Action

(Sexually Hostile Work Environment)

6.  Plaintiff hereby incorporates the allegations of paragraphs 1 through 5, as well as all other paragraphs herein.

7. Defendant disseminated a policy regarding sexual harassment and thereby promised

plaintiff and other employees they would be ensured a work environment free of sexual hostility, or alternative, if sexual hostility occurred, defendant would promptly, thoroughly and fairly investigate per any notice thereof, or complaints thereof.  Defendant broke that promise.

8.  Defendant allowed some employees to routinely and loudly broadcast hiphop or "rap" music throughout much of its work environment.  Defendant's managers, including members of upper management, routinely heard very foul music being played, i.e., music replete with descriptions of graphic and abusive sexuality and acts of sex, rape, narcissistic male sexuality, misogyny – e.g., pejorative and foul names used to reference women, acts of violence and intimidation directed at women, etc.  Defendant failed to take any meaningful action to prevent such "music" in its workplace.  On occasion, employees responsible for the music would be admonished, but defendant did not implement any permanent remedial measures, despite being put on regular notice the "music" continued to be played.

9.  Plaintiff was harassed and belittled by younger co-workers because plaintiff is an older woman and because she complained of sexual/gender hostility and/or age-based hostility.  Plaintiff is over the age of 40  Plaintiff complained of such conduct to her supervisor, i.e., one of defendant's managers, but defendant failed to timely, thoroughly and fairly investigate and also failed to implement any remedial action sufficient to redress past harassment and deter future harassment.  Some of the retaliatory hostility which plaintiff experienced included hostile stares, "the silent treatment", excessive scrutiny, the denial of support which defendant customarily provided to its employees, unwarranted suspensions, derision and/or trivialization directed at plaintiff and plaintiff's complaints of sexual hostility and/or age-based hostility, etc.

10.  Plaintiff was subject to unwanted touching, i.e., a back rub by a male manager.  Upon information and belief, plaintiff alleges no remedial action was taken relative to this act, and/or plaintiff's complaint thereof.  Plaintiff was subject to a myriad forms of sexually offensive remarks, e.g., the terms "bitch", "f\_\_\_\_\_g bitch", were regularly bantered about, openly, without consequence.  Plaintiff heard other sexual remarks and was offended thereby.

Case 3:21-cv-00256-LRH-CLB   Document 1   Filed 06/04/21   Page 4 of 8

11. Defendant allowed offensive sexually-oriented materials to be openly posted in its workplace, without responding with an investigation or discipline and without timely removing such materials, notwithstanding the fact all persons, including managerial personnel could easily become aware of such, and did in fact become aware, but failed to take any action to remove those postings; investigate who was responsible for such postings; and/or discipline those responsible. For instance, in late July of 2017 plaintiff complained of an offensive posting which was entitled "Sex, Questions and Answers" on a prominently posted bulletin board in defendant's workplace. In other words, defendant treated offensive sexual postings in the same manner it failed to respond to loud, frequent and repeated auditory sexual misconduct, i.e., the playing of sexually offensive and misogynistic rap music – defendant ignored both, very similar, types of sexual misconduct/violations of Title VII/violations of defendant's sexual harassment policy.

12. As a direct and proximate result of being subject to sexual hostility and/or age-based hostility plaintiff suffered stress, emotional distress, loss of enjoyment of life, inability to sleep peacefully, loss of appetite, feelings of anger, feelings of depression and was diverted and distracted from her job duties. Plaintiff was particularly vulnerable during the relevant period because she lost two children during the relevant period. Defendant, and defendant's employees, were aware of the trauma plaintiff was undergoing, but nonetheless harassed her. Any diminution or deficiencies in plaintiff's work performance were directly and proximately the result of actionable sexual and/or age-based hostility and defendant is therefore estopped from relying on such to justify the suspensions plaintiff was subject to, as well as her discharge from employment - in September of 2017.

13. The suspensions plaintiff experienced were a form of sexual and/or age-based hostility, i.e., they were implemented either because plaintiff's ability to work was interfered with as a result of actionable/unlawful hostility and/or as the result of retaliatory animus which existed in response to plaintiff's complaints thereof.

14. Plaintiff has been required to retain counsel and incur costs in order to vindicate her legally protected right to a workplace free of sexual and/or age-based hostility, as well as retaliation.

### Second Cause of Action

(Hostile Work Environment as the Result of Age-Based Hostility)

15. Plaintiff hereby incorporates the allegations of paragraphs 1 through 15, inclusive, and all other allegations herein, as though the same were fully stated herein.

16. Plaintiff was subjected to age-based harassment, including retaliatory hostility, as described above, to the point at which her workplace was permeated with such hostility. This age-based hostility included the playing of rap, aka, hiphop music, which is a genre associated with much younger persons and is probably currently the most popular musical genre among persons under thirty years of age in the United States. Plaintiff was aware of the penchant of the younger employees to listen to such music and was also aware that most of the members of her generation find the music to be offensive, disturbing and disgusting. Plaintiff did so regard the music and was ostracized, in material part, because she failed to participate in the abusive culture, which was in material part, age-based, which, in turn, countenanced broadcasting this music in the workplace.

17. Upon information and belief, defendant made a conscious decision to allow such music to be routinely and loudly played in its workplace because defendant understood its younger workers were motivated to work harder, and stay at their jobs longer, if they were allowed to listen to such music. Alternatively, defendant simply, for some reason, ignored its policies which purported to prohibit age-based harassment and/or sexual harassment.

18. As a direct and proximate result of being subject to a work environment permeated with age-based hostility, plaintiff suffered loss of enjoyment of life, emotional distress and associated symptoms, an inability to sleep peacefully and loss of appetite, feelings of anger, depression and alienation. Plaintiff has been compelled to incur costs and retain counsel in an attempt to vindicate her federally protected right to a workplace free of age-based hostility.

### Third Cause of Action

(Retaliation)

19. Plaintiff hereby incorporates the allegations of paragraphs 1 through 18, inclusive, as though the same were fully stated herein.

20. The termination of plaintiff's employment constituted retaliation. As stated or implied above, defendant is legally estopped from relying on any diminution or deficiency in plaintiff's work performance which was caused by sexual hostility and/or age-based hostility, or a combination thereof, as a basis to justify plaintiff's termination of employment. To the contrary, plaintiff's termination constituted an implicit ratification of the predictable consequences of such hostility. Alternatively, defendant terminated plaintiff's employment because she opposed sexual and/or age-based hostility in the workplace – or because of a combination of the two motivations stated herein.

21. As a direct and proximate result of being subject to retaliation plaintiff suffered and was damaged as described herein. Further, plaintiff suffered lost wages and benefits.

WHEREFORE, plaintiff requests the following relief:

1. For awards of compensatory damages;

2. For an award of economic damages according to proof;

3. For an award of costs and a reasonable attorney's fee; and

4. For such other relief, including injunctive relief, as the Court or jury may deem appropriate, e.g., for an injunction to compel defendant Federal Express to enforce the policies against age-based harassment, sexual harassment, retaliatory harassment and/or retaliation

which it claims to have; and/or to compel defendant to comply with federal laws which prohibit sexual harassment, age-based harassment and retaliation for opposition thereto.

DATED this 4th day of June, 2021

      /s/ Mark Mausert
Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, NV 89512
TELEPHONE:(775) 786-5477
FACSIMILE: (775) 786-9658
*Attorney for Plaintiff*

**INDEX OF EXHIBITS**

Issued Notice of Right to Sue..……………………….....………………….…….................Exhibit 1

PLEADING TITLE - 1